In the Matter of Ryan L. STRUP, Respondent.

No. 49S00–1107–DI–429.

Supreme Court of Indiana.

Dec. 9, 2011.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Based on an incident on November 15, 2003 (prior to Respondent's 2005 admission to the bar), Respondent pled guilty to operating a vehicle while intoxicated ("OWI"), a class A misdemeanor. Based on an incident on November 16, 2010, Respondent pled guilty to OWI, a class A misdemeanor. He self-reported his arrest and entered into monitoring agreement with the Indiana Judges and Lawyers Assistance Program ("FLAP"), which required him to totally refrain from the use of alcohol. He failed two urine tests in March and May 2011. In June 2011, he admitted to his JLAP case worker that he has continued to consume alcohol in violation of his JLAP agreement and his criminal probation.

The parties cite no facts in aggravation. They cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) he completed a 30–day residential treatment program at Harbor Light Salvation Army, being discharged on July 28, 2011, and continues with an aftercare program; and (3) he continues to meet monthly with his JLAP monitor and to participate in random urine drug screens.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on honesty, trustworthiness, or fitness as a lawyer.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 90 days, beginning on the date of this order, all stayed subject to completion of two years of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall meet all requirements of his monitoring agreement with the Judges and Lawyers Assistance Program and shall have no violations of the law or the Rules of Professional Conduct during his probation.

(2) If Respondent violates his probation, the Commission will petition to revoke his probation and request that the stayed suspension be actively served without automatic reinstatement, and that Respondent be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.